**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSE MENDEZ, Individually and On Behalf Of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>AVIS BUDGET GROUP, INC., et al.,<br><br>Defendants. | Civil Action No.: 11-6537 (JLL)<br><br>OPINION |

This matter comes before the Court by way of Defendants Avis Budget Group, Inc., its affiliate Avis Rent-A-Car System, LLC (collectively, "ABG") and Highway Toll Administration, LLC ("HTA") (collectively, the "Defendants")'s Motion for Reconsideration of this Court's April 10, 2012 Opinion and Order denying Defendants' Motion to Dismiss Plaintiff Jose Mendez ("Plaintiff")'s putative Class Action Complaint. [Docket Entry No. 34]. Specifically, Defendants request the Court to reconsider its denial of Defendants' Motion to Dismiss Plaintiff's New Jersey Consumer Fraud Act ("NJCFA") claim as it applies to Plaintiff's rental car transaction in Florida. (Defs. Br., at 1). The Court has considered the submissions of the Parties in support of and in opposition to the instant motion, and decides the motion on the papers pursuant to Fed. R. Civ. P. 78. For the reasons stated herein, Defendants' Motion is denied.

**I. BACKGROUND**

Plaintiff, a resident of New Jersey, brought this action on behalf of a nationwide class of natural persons and business entities that rented vehicles enabled with e-Toll from locations

owned and operated by Avis Budget or its licensees, or from online websites who were charged non-discounted toll charges and convenience fees in connection therewith. (Compl., ¶¶ 1, 45). Defendant Avis Budget is a Delaware limited liability company with its principal place of business and North American headquarters located in Parsippany, New Jersey. (Id. ¶ 12). Avis Budget is a provider of vehicle rental services in North America through its own rental locations, its licensees, and the internet. (Id.). Defendant HTA is a privately owned company based in Great Neck, New York, and is in the business of supplying and administering the e-Toll automated toll collection service. (Id. ¶¶ 13, 15).

Sometime before July 28, 2011, Plaintiff reserved a rental vehicle from Budget with his Visa credit card for a rental vehicle he planned to use during a trip to Florida. (Id. ¶ 33). On or about July 28, 2011, Plaintiff traveled from New Jersey to Orlando International Airport, picking up the vehicle he had previously reserved at the airport Budget office, and signed the associated Rental Document with Avis Budget. (Id. ¶ 34). Plaintiff leased the vehicle from July 28, 2011 to August 5, 2011. (Id. ¶33). Plaintiff asserts that, prior to, during, and following his rental of his Avis Budget vehicle, he was never informed that: (1) his rental car may have been equipped with an e-Toll automated toll-payment device; (2) his rental car was pre-enrolled and activated for e-Toll; (3) renting a Budget rental car equipped with an e-Toll device would automatically result in fees payable to Avis Budget and/or HTA; and (4) he, Plaintiff, would be obligated to pay more than the actual toll charge incurred and would instead pay a non-discounted rate. (Id. ¶ 35). Sometime between July 28, 2011 and August 5, 2011, Plaintiff's Budget rental car passed through a toll lane in Orlando, Florida, which triggered the operation of the e-Toll toll-paying system. (Id. ¶ 36). Plaintiff returned the Budget rental car on August 5, 2011 at the Orlando

2

Airport location, and upon returning the car, a Budget agent advised Plaintiff that there were no additional charges. (Id. ¶ 37). In September 2011, after Plaintiff returned to New Jersey from Florida, he received a Visa credit card statement which included a charge for $15.75. (Id. ¶ 38). Plaintiff called Visa and was told that the charge was from Budget. (Id.). Plaintiff then called Budget and was told that the car he had rented was enabled with e-Toll, and that the $15.75 charge included a $0.75 toll charge and a $15.00 convenience charge for e-Toll. (Id.). Plaintiff maintains that he was unaware of the facts and circumstances surrounding the imposition of the e-Toll charges, and that Defendants had no legal or contractual right to collect e-Toll convenience fees. (Id. ¶ 39). Further, Plaintiff claims that, upon information and belief, Defendants not only gave HTA his credit card information without his consent, but they also charged him a non-discounted e-Toll charge for which Avis Budget itself had the benefit of a discount, obtaining for itself as profit the difference between the non-discounted and discounted toll charge. (Id. ¶ 23).

Plaintiff filed his Class Action Complaint with this Court on November 7, 2011. [Docket Entry No. 1]. Defendants filed their Motion to Dismiss Plaintiff's Complaint on February 3, 2012. [Docket Entry No. 17]. On April 10, 2012, this Court denied Defendant's Motion to Dismiss. [Docket Entry Nos. 30, 31]. Defendants duly filed the instant Motion for Reconsideration on April 23, 2012. [Docket Entry No. 34].

## II. LEGAL STANDARD

Local Rule 7.1(i) provides, in relevant part:

> A motion for reconsideration shall be served and filed within 14 days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge. A brief setting forth concisely the matter or controlling decisions which the party believes the

Judge or Magistrate Judge has overlooked shall be filed with the Notice of Motion. L. Civ. R. 7.1(i). "Reconsideration is an extraordinary remedy" and should be "granted 'very sparingly.'" See L. Civ. R. 7.1(i) cmt. 6(d); see also Felons v. Lombard Investment Corp., Nos. 04-3993, 04-5768, 04-3992, 04-6105, 2005 WL 3104145, at *1 (D.N.J. Oct. 18, 2005). A judgment may be altered or amended if the movant shows at least one of the three following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)(citing N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). When the assertion is that the Court overlooked something, the Court must have overlooked "some dispositive factual or legal matter that was presented to it." McGovern v. City of Jersey, No. 98-5186, 2008 WL 58820, at *2 (D.N.J. Jan. 2, 2008). Moreover, a motion for reconsideration may not be used to re-litigate old matters or argue new matters that could have been raised before the original decision was reached. See, e.g., P. Schoenfeld Asset Mgmt., L.L.C. v. Cendant Corp., 161 F. Supp. 2d 349, 352 (D.N.J. 2001).

### III. DISCUSSION

A. Choice of Law in Plaintiff's NJCFA Claim

In its April 10, 2012 Opinion, this Court found, in applying the "most substantial relationship" test enunciated in the Restatement (Second) of Conflict of Laws § 188, that: (1) a conflict existed between New Jersey and Florida law with respect to the consumer fraud claims alleged; and (2) the facts of the Complaint supported weighing the factors outlined in § 148(2) of the Restatement (Second) of Conflict of Laws. (Apr. 10, 2012 Op., at 17-19). In applying those

factors in light of the choice-of-law principles stated in § 6 of the Restatement (Second) of Conflict of Laws, the Court held that those factors favored the application of New Jersey law in this matter. (Id. at 19-23). Specifically, the Court found that factors (b) and (d) favored the application of New Jersey law, factor (e)–the place where the tangible thing which is the subject of the transaction between the parties–favored Florida law, and the other factors–factors (a), (c) and (f) were neutral as both New Jersey and Florida had equivalent interests regarding them. (Id.). Factor (a), the place where Plaintiff acted in reliance upon Defendants' representations, was found not to be limited to Florida since Plaintiff received representations regarding the rental from Defendants in New Jersey, "signed the Rental Agreement in Florida at least in part based on those representations made in New Jersey, was told in Florida that no additional charges would issue by a Budget agent in Florida, but subsequently returned to New Jersey and received his credit card bill with the additional charges in New Jersey, relinquishing said assets there while assuming that no additional charges had been assessed against him by Defendants." (Id. at 21). Factor (c), the place where the defendant made the representations, was also found neutral because while Defendant signed the Rental Agreement with Plaintiff in Florida, since Avis Budget: (1) had its principal place of business in New Jersey; (2) allowed reservation and rental of their vehicles from New Jersey; (3) the misrepresentations and omissions emanated from Budget in New Jersey; and (4) Plaintiff reserved his rental vehicle on a Visa card in New Jersey which was billed to a New Jersey address, New Jersey also had interests in the action. Regarding the final point–that Plaintiff reserved his rental vehicle in New Jersey–the Court had prefaced that statement with an affirmation of prior district court findings that assessed a plaintiff's receipt of representations on equal footing whether a plaintiff purchases the product or services online

5

from a certain State or performs research regarding such a purchase on the internet from said State. (Id. at 19). Finally, the Court found factor (f), where Plaintiff rendered performance under the contract which he had been induced to enter, as neutral since "Plaintiff rendered performance under the contract in both Florida and New Jersey: his obligations under the Rental Agreement were triggered in Florida when he passed through a Florida toll, but he received his bill in New Jersey and made his payment for the services which were the subject of the bargained-for exchange with Defendant from his New Jersey billing address." (Id. at 20).

Defendants seek reconsideration of this Court's denial of its Motion to Dismiss Plaintiff's NJCFA Claim as it applies to Plaintiff's rental car transaction in Florida. (Defs. Br., at 1). Defendants ground their request in: (1) counsel for Plaintiff's post-decision correspondence to the Court notifying the Court that "while Plaintiff began the reservation process [for the rental vehicle] at his home in New Jersey, he finalized the reservation via telephone in New York" [Docket Entry No. 32]; and (2) recent authority on the choice of law issue. (Id.). Specifically, Defendants argue first that, since it is now "clear that plaintiff did not make his reservation from New Jersey, the Court's analysis with respect to . . . factors [(a), (b) and (c)] should be reevaluated. Indeed, if any of these factors were . . . construed to favor application of Florida law, rather than being neutral or favoring New Jersey law, then the conclusion that the NJCFA applies to the subject transaction should be reversed and Defendants' motion to dismiss the NJCFA count granted." (Id. at 2). Second, Defendants cite to a recent decision from this Court–Montich v. Miele USA, Inc.–and argue that its evaluation of the "relative weight to be afforded to the location of defendant's corporate headquarters" compels an application of Florida law. (Id. at 3); see Montich, No. 11-2725-FLW, 2012 U.S. Dist. LEXIS 41398 (D.N.J. March

27, 2012).

In his Opposition Brief, Plaintiff contends that the fact that he finalized his reservation in New York is a minor factual discrepancy which does not affect the Court's overall weighing of the factors assessed in its choice-of-law analysis done pursuant to § 148(2) of the Restatement (Second) of Conflict of Laws. (Pl. Opp'n Br., at 1, 3). Plaintiff also argues that Montich can be easily distinguished from this matter because, in Montich, the plaintiff was not a New Jersey resident, the injury manifested in a State other than New Jersey, no portion of the performance under the contract occurred in New Jersey, and none of plaintiff's acts of reliance took place in New Jersey. (Id. at 2-3).

B. Availability of New Evidence or Correction of Factual Error

The Court disagrees with Defendants that Plaintiff's notification to the Court that, while he "began the reservation process at his home in New Jersey, he finalized the reservation via telephone in New York" fundamentally alters the Court's choice-of-law analysis of factors (a), (b) and (c) in its April 10, 2012 Opinion. While it is true that Plaintiff's representations regarding the research and purchase portions of the Rental Agreement provided clarification of where Plaintiff finalized his reservation with Avis outside of the State of Florida, that representation alone is insufficient to reverse the weight of the analysis in favor of the application of Florida law. First, contrary to Defendants' contention that the Court found factor (b)–the place where the plaintiff received the representations–to favor New Jersey "based on the Court's belief that plaintiff made his reservation from his home in New Jersey," the Court did not so find. (See Defs. Br., at 2). Rather, the Court found factor (b) to favor New Jersey because, inter alia, it was "the place where the representations were **first** communicated to the plaintiff" and that

7

Defendant directed its services to Plaintiff in that State. (Apr. 10, 2012 Op., at 19). Further, Defendants are incorrect in stating that factors (a) and (c) "were either neutral, or favored application of New Jersey law." (See Defs. Br., at 2). In fact, the Court did not find that said factors favored New Jersey law at all, but was instead clear that it viewed factors (a) and (c) neutrally based on its assessment that Defendants' representations were made in both New Jersey and Florida, and Plaintiff relied on said representations in both States. Accordingly, the Court found both that "factor (a) is neutral" and that "factor (c) . . . is neutral as to whether New Jersey or Florida law should apply." (Id. at 20-21). The fact that Plaintiff began the reservation process in New Jersey and finalized the reservation in New York does not alter the competing interests of both States in the choice-of-law analysis since it neither adds more weight to Florida's interest nor does it subtract New Jersey's interest given the additional facts stated in Plaintiff's Complaint regarding the location the representations were made and Plaintiff's reliance on them. Since the Court's review of factors (a), (b) and (c) are unchanged based on Plaintiff's notification regarding the placement of his reservation, and the other § 148(2) factors are not affected by said notification, the Court's overall weighing of said factors still favors the application of New Jersey law in the instant matter.

C. Intervening Change in Controlling Law

The Court must first note that, while Montich v. Miele USA, Inc. has in fact been decided subsequent to the completion of briefing on Defendants' Motion to Dismiss, it was neither issued prior to the issuance of this Court's April 10, 2012 Order nor is it controlling authority. Rather, Montich is persuasive authority not constituting an "intervening change in controlling law." The Court nevertheless finds Montich distinguishable from the case at bar.

First, in Montich, the Court found that: (1) factor (a), plaintiff's reliance on defendant's misrepresentations, would have occurred entirely in California; (2) factor (b), the place where plaintiff received the representations, was in California; (3) factor (c), the place where the defendant made the representations, favored California because "the mere fact that a company is headquartered in New Jersey or 'that unlawful conduct emanated from New Jersey' will not supersede the numerous contacts with the consumer's home state for purposes of determining which state has the most significant relationship under Restatement § 148(d)"; and (4) factor (e), the place where the tangible thing was located, was in California. Montich, 2012 U.S. Dist. LEXIS 41398, at * 18-22. The Court also found that factor (d), the domicile, residence, and place of business or incorporation of the parties, did not favor either California or New Jersey since plaintiff was a resident of California and defendant was headquartered in New Jersey. Id. at * 20. Finally, the Court found the sixth factor, factor (f), inapplicable because there was no contract performance required by the plaintiff in that case. Id. at * 20-21. Therefore, in its overall weighing of the above-cited factors in light of § 6 of the Restatement, the Court found that California had the most significant relationship with the plaintiff's consumer fraud claims. Id. at * 27.

In the case at bar, the Court has altogether different facts weighing in favor of the application of New Jersey law. First, the Court found that factor (d) weighs in favor of New Jersey since Plaintiff is a resident of New Jersey. Therefore, the Court did not rely on "the mere fact that a company is headquartered in New Jersey" in its determination that factor (d) supports the application of New Jersey law. Second, while the Court in Montich found that factors (a) and (c) weighed in favor of applying California law, this Court found that factors (a) and (c) were

9

neutral as to the application of New Jersey or Florida law. Finally, the Court found that, in addition to factor (d), factor (b) favored New Jersey, leaving the only factor favoring the application of Florida law as factor (e), the place where the tangible object was located. Based on the distinct facts alleged in Plaintiff's Complaint and the findings they yielded in this Court's choice-of-law analysis in this Court's April 10, 2012 Opinion, there is substantial ground to distinguish the instant matter from Montich. Therefore, the Court denies Defendants' Motion for Reconsideration as based in the persuasive authority that decision affords regarding the relative weight afforded the location of a defendant's corporate headquarters.

## IV. CONCLUSION

For the reasons set forth above, Defendants' Motion for Reconsideration is DENIED. An appropriate Order accompanies this Opinion.

DATED: May 31, 2012

Jose L. Linares
United States District Judge