# DAY PITNEY LLP

BOSTON   CONNECTICUT   NEW JERSEY   NEW YORK   WASHINGTON, DC

**PAUL J. HALASZ**
Attorney at Law

One Jefferson Road
Parsippany, NJ 07054-2891
T: (973) 966-8176 F: (973) 206-6547
phalasz@daypitney.com

June 9, 2014

**VIA ECF**

Honorable Joseph A. Dickson, U.S.M.J.
U.S. District Court for the District of New Jersey
Martin Luther King, Jr. Federal Building & U.S. Courthouse
50 Walnut Street, Room 2D
Newark, New Jersey 07102

      Re:   *Jose Mendez v. Avis Budget Group, Inc., et al.*
            **Civil Action No.: 2:11-cv-06537 (JLL)(JAD)**

Dear Judge Dickson:

      Defendants Avis Budget Group, Inc. ("ABG") and Highway Toll Administration, LLC ("HTA") submit this letter brief in support of their motion to file under seal pages 3-6 of plaintiff's letter filed on June 6, 2014, ECF no. 99, as well as the documents attached as Exhibits A, H, and I to that letter (the "Confidential Materials"). Defendants previously filed a motion to seal on March 24, 2014, ECF no. 88, regarding virtually the same subject matter at issue in this motion. Plaintiff seeks to publicly file the Confidential Materials, though the Confidential Materials contain, discuss, and/or quote commercially sensitive, confidential and/or proprietary information.

      **Legal Standard**

      Courts considering motions to seal should weigh the common law right of access to judicial records against the litigants' interest in secrecy. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 166-67 (3d Cir. 1993). "Courts generally protect materials containing 'trade secret[s] or other confidential research, development, or commercial information' to prevent harm to the litigant's standing in the marketplace." *Mars, Inc. v. JCM Am. Corp.*, No. 05-3165, 2007 U.S. Dist. LEXIS 9819, at *5 (D.N.J. Feb. 13, 2007); *see also Leucadia*, 998 F.2d at 166 (documents containing confidential business information may be withheld from disclosure). Local Civil Rule 5.3 governs "any request by a party or parties to seal, or otherwise restrict public access to, any materials" filed with the Court, and requires the Court to consider "(a) the nature of the materials or proceedings at issue, (b) the legitimate private or public interests which warrant the relief sought, (c) the clearly defined and serious injury that would result if the relief sought is not

DAY PITNEY LLP

June 9, 2014
Page 2

granted, and (d) why a less restrictive alternative to the relief sought is not available." L. Civ. R. 5.3(c)(2). Based on these considerations, the Confidential Materials should be sealed.

### B. Nature of the Confidential Materials

The parties, through discovery in this case, have produced information they consider confidential. To prevent unwarranted disclosure of this information, the parties agreed to maintain the confidentiality of such materials pursuant to the Discovery Confidentiality Order entered by this Court on August 14, 2012, ECF No. 50, and the Revised Discovery Confidentiality Order entered by this Court on October 11, 2013, ECF No. 70 (the "DCO"). The DCO allows the parties to designate information as "Confidential" and "Confidential – Attorneys' Eyes Only" and specifies that such information may not be disclosed to any person or entity not enumerated in the DCO. ECF No. 70 ¶¶1, 7-8. In addition, "[n]o 'Confidential Information' or 'Confidential – Attorneys' Eyes only' material shall be filed in the public record of this Litigation. All material so designated . . . shall be filed under seal as provided by Local Civil Rule 5.3(c)." ECF No. 70 ¶17. Further, the DCO provides that the disclosing party may remedy a "[f]ailure to designate materials as 'Confidential Information' or 'Confidential – Attorneys' Eyes Only' at the time of their production . . . if, in a reasonably prompt fashion, counsel to the disclosing party provides to the receiving party (a) written notice that documents previously produced are deemed to be 'Confidential Information' or 'Confidential – Attorneys' Eyes Only,' and (b) replacement copies of the documents labeled as 'Confidential Information' or 'Confidential – Attorneys' Eyes Only.'" ECF No. 70 ¶6. Pursuant to this provision, Exhibits A and H to plaintiff's June 6, 2014 letter were designated as "Confidential."

Under the DCO, "Confidential" documents are defined as "any document, testimony, or discovery materials which contain non-public confidential or non-public proprietary information, whether personal or business-related, . . ." ECF No. 70 ¶2. Importantly, the parties stipulated to this revised definition of "Confidential" documents after much debate and deliberation. The Confidential Materials fit precisely within the definition contemplated by the parties and memorialized in the DCO. Exhibits A and H to plaintiff's June 6, 2014 letter contain confidential communications between ABG and a business partner regarding analyses of various pricing models and revenues generated, and Exhibit H further discusses responding to a legal matter. Exhibit I to plaintiff's June 6, 2014 letter consists of testimony of ABG employee Michael Caron regarding ABG's confidential and proprietary internal decision-making processes in connection with the aforementioned analyses, which testimony is quoted extensively in plaintiff's June 6, 2014 letter. Accordingly, defendants seek to seal the Confidential Materials because they contain, discuss, and/or quote "non-public confidential" *and* "non-public proprietary information," which, pursuant to the DCO stipulated to by the parties and entered by this Court, must not be "filed in the public record." ECF No. 70 ¶17.

**DAY PITNEY** LLP

June 9, 2014
Page 3

### C. Sealing the Confidential Materials Serves Public and Private Interests.

Sealing the Confidential Materials serves legitimate public and private interests. Public disclosure of the Confidential Materials would expose the non-public and commercially sensitive business practices and communications of ABG and its business partner, including communications regarding legal matters, strategy, and financial information. As to the latter, this Court has already recognized that "defendants have a . . . significant degree of confidentiality" in revenue-related financial information. *See* Exhibit A, pp. 43-44. In addition, public disclosure of the Confidential Materials could provide ABG's competitors with an unfair advantage in establishing their own pricing structures, billing models, and/or revenue analyses, which are discussed in the Confidential Materials and are proprietary to ABG. This Court has previously concluded that materials such as these "should be filed under seal," including materials containing "commercial" or "financial" information; information about "performance," "projections," "business strategies," or "decisions"; "confidential, proprietary and private information about . . . third parties, . . . with whom [a party has] had business relationships"; and "any other information that would harm the competitive position . . . if the information becomes known to a party other than the producing party." *Pfizer Inc. v. Teva Pharms. USA, Inc.*, No. 08-1331, 2009 U.S. Dist. LEXIS 65031, at *2-4 (D.N.J. July 28, 2009).

Moreover, sealing the Confidential Materials does not burden the public interest. Filing the Confidential Materials under seal in no way affects the parties' ability to advocate, nor the court's ability to adjudicate this case. On the other hand, disclosure of the Confidential Materials contravenes the terms of the DCO, violates the significant interests of ABG in maintaining the confidentiality of discussions surrounding commercially sensitive legal and business matters, and could unnecessarily expose ABG to foreseeable and unforeseeable adverse consequences, including its competitors having access to non-public information about confidential and/or proprietary business processes. ABG's interest in protecting the Confidential Materials from public disclosure thus outweighs any remote interest of the public in inspecting this document. *See Nixon*, 435 U.S. at 598 (stating that "courts have refused to permit their files to serve . . . as sources of business information that might harm a litigant's competitive standing") (citations omitted). Courts in this Circuit have sealed confidential material for similar reasons. *See, e.g.*, *Pfizer Inc.*, 2009 U.S. Dist. LEXIS 65031, at *3-4; *Mars*, 2007 U.S. Dist. LEXIS 9819, at *5-7 (sealing portions of filings referring to language in confidential business agreements).

### D. ABG and Others Could Suffer Harm if the Documents are not Sealed.

As discussed, ABG could suffer a "clearly defined and serious injury" if the Confidential Materials are not sealed. L. Civ. R. 5.3(c)(2). If disclosed, ABG's competitors would have access to otherwise non-public sensitive commercial information, including information about confidential and proprietary business processes and legal matters. In addition, ABG's business partner, a non-party to the case, would be unfairly and unnecessarily subject to publication of its confidential, private, and proprietary information. The risk of these injuries warrants protection

**DAY PITNEY LLP**

June 9, 2014
Page 4

of the Confidential Material. *See In re Gabapentin Patent Litig.*, 312 F. Supp. 2d 653, 664 (D.N.J. 2004) (stating that "the Third Circuit has expressly recognized that 'courts may deny access to judicial records . . . where they are sources of business information that might harm a litigant's competitive standing'") (citation omitted); *Bergen Brunswig Corp. v. Ivax Corp.*, No. 97-2003, 1998 WL 113976, at *3 (S.D.N.Y. Mar. 12, 1998) (holding that "[p]otential damage from the release of sensitive business information has been deemed a ground for denying access to court documents").

### E.   There is no Less Restrictive Alternative to Sealing the Confidential Material.

There is no less restrictive alternative to sealing the Confidential Materials. Defendants seek to seal only the specific documents that discuss confidential and/or proprietary information, portions of testimony that discuss those confidential documents, and those pages of plaintiff's June 6, 2014 letter which quote the confidential documents and/or testimony. Filing only the Confidential Materials under seal is an appropriate mechanism for protecting defendants' interest in protecting their confidential legal and financial information. *See Adami v. Cardo Windows, Inc.*, No. 12-2804, 2014 U.S. Dist. LEXIS 10805, at *47-49 (D.N.J. Jan. 29, 2014) (finding that "no less restrictive alternative [was] available," where defendants moved to seal specific exhibits that contained "private financial information of nonparties"); *Joint Stock Soc'y v. UDV N. Am., Inc.*, 104 F. Supp. 2d 390, 396 (D. Del. 2000) (citing *Leucadia*, 998 F.2d at 166-67 (3d Cir. 1993) and noting that certain materials were appropriately kept "from public view through the use of sealed filings").

### CONCLUSION

For the foregoing reasons, defendants Avis Budget Group, Inc. and Highway Toll Administration, LLC respectfully request that the Court authorize the filing under seal of the Confidential Materials identified as pages 3-6 of plaintiff's letter filed on June 6, 2014, as well as the documents attached as Exhibits A, H, and I to that letter.

Respectfully,

/s/ *Paul J. Halasz*

Paul J. Halasz

PJH/lmp
cc:   All Counsel via ECF