UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSE MENDEZ, on behalf of himself and all others similarly situated, | HON. JOSEPH A. DICKSON<br>Civ. Action No. 2:11-cv-06537 (JLL)(JAD) |
| *Plaintiff,* | **ORDER** |
| v. | (Document Filed Electronically) |
| AVIS BUDGET GROUP, INC., BUDGET RENT A CAR SYSTEM, INC., AVIS RENT A CAR SYSTEM, LLC and HIGHWAY TOLL ADMINISTRATION, LLC, | |
| *Defendants.* | |

**THIS MATTER**, having come before the Court for the entry of an Order sealing documents exchanged during discovery, and the Court having considered the papers submitted, and upon good cause shown, it is hereby (ECF No. 136)

**ORDERED** that defendants' motion to seal is **GRANTED**; and the Court issues the following Findings of Fact and Conclusions of Law:

1. The parties, through discovery in this case, have produced information they consider confidential. To prevent unwarranted disclosure of this information, the parties agreed to maintain the confidentiality of such materials pursuant to the Discovery Confidentiality Order entered by this Court on August 14, 2012, ECF no. 50, and the Revised Discovery Confidentiality Order entered by this Court on October 11, 2013, ECF no. 70 (the "DCO").

2. The DCO allows the parties to designate information as "Confidential" and "Confidential – Attorneys' Eyes Only." ECF no. 70 ¶¶1-3. Under the DCO, "Confidential" documents are defined as "any document, testimony, or discovery materials which contain non-

public confidential or non-public proprietary information, whether personal or business-related, . . ." ECF no. 70 ¶2. The DCO also provides that "[n]o 'Confidential Information' or 'Confidential – Attorneys' Eyes Only' material shall be filed in the public record of this Litigation. All material so designated . . . shall be filed under seal as provided by Local Civil Rule 5.3(c)." ECF no. 70 ¶17.

3. Defendants have complied with the terms of the DCO by moving to seal the "Confidential" or "Confidential – Attorneys' Eyes Only" materials pursuant to Local Rule 5.3(c). Defendants have moved to seal the following Confidential Materials exchanged during discovery:

- Plaintiff's March 5, 2015 letter, ECF No. 134, including Exhibits A, B, and C.

- Defendants' March 12, 2015 letter, ECF No. 135, excluding Exhibits A, B, C, and D.

4. [Portions of] Plaintiff's March 5, 2015 letter, including Exhibits A, B, and C, discusses highly confidential and commercially sensitive information and communications about services and products offered by ABG, including the eToll program. Defendants have separately made plaintiff and the Court aware of the confidential nature of this information.

5. [Portions of] Defendants' March 12, 2015 letter, excluding Exhibits A, B, C, and D, discusses highly confidential and commercially sensitive information and communications about services and products offered by ABG, including the eToll program.

6. Failure to seal the Confidential Materials would result in serious injury to ABG. Public disclosure of the Confidential Materials would expose the non-public and commercially sensitive business practices and communications of ABG, which could provide ABG's competitors with an unfair advantage in establishing their own products and business processes,

result in the disclosure of highly confidential information or communications, and/or place ABG at a competitive disadvantage.

7. Sealing the Confidential Materials serves legitimate private and public interests. Disclosure of the Confidential Materials contravenes the mutually agreed upon terms of the DCO and violates ABG's significant interests in maintaining the confidentiality of commercially sensitive and privileged business matters, and could unnecessarily expose ABG to adverse consequences, including competitors having access to non-public information about confidential and/or proprietary business processes or communications. Further, sealing the Confidential Materials does not affect the parties' ability to advocate, nor the court's ability to adjudicate this case.

8. There exists no less restrictive alternative to sealing this material. Defendants seek to seal only the specific pages and excerpts of documents that contain, discuss, and/or quote commercially sensitive, and/or proprietary information. ※ ~~Defendants have filed redacted versions of Exhibits A, B, C, and D to Defendants' March 12, 2015 letter in which only the confidential information discussed above has been redacted (ECF No. ___).~~

**IT IS FURTHER ORDERED** that the unredacted versions of the above documents (ECF Nos. 134 and 135) shall remain sealed.

**SO ORDERED** on this 7th day of April, 2015.

_____
HON. JOSEPH A. DICKSON

※ The parties shall publicly file redacted versions of the Confidential Materials in which only the confidential information contained therein has been redacted, on or before 4/17/15. Counsel are notified that Defendant's proposed redaction of its March 12, 2015 letter (redacting the 9 page letter in its entirety) is not acceptable under Local Civil Rule 5.3, as such a redaction is not the "least restrictive alternative."