NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JOSE MENDEZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AVIS BUDGET GROUP, INC., et al.,<br><br>Defendants. | CIVIL ACTION NO. 11-6537 (JLL)<br><br>**O P I N I O N** |

**LINARES, Chief District Judge**

This is a putative class action brought on behalf of those who were allegedly charged non-discounted toll charges and convenience fees when they rented vehicles equipped with an electronic system to pay tolls known as "e-Toll" from locations and websites that were owned by, operated by, or connected to the defendants Avis Budget Group, Inc., and Avis Rent-A-Car System, LLC (hereinafter, "the Avis Entities"). (See ECF No. 1.) The defendant Highway Toll Administration, LLC (hereinafter, "HTA") was a vendor of the Avis Entities that supplied and administered the e-Toll toll collection service. (See id.)

The plaintiff alleges that before, during, and after his rental of a vehicle from the Avis Entities, he was not advised that the vehicle: (1) could be equipped with an e-Toll device; and (2) was indeed pre-enrolled and activated for e-Toll. (See id.) The plaintiff

further alleges that he was not informed that when he rented a vehicle from the Avis Entities that was equipped with an e-Toll device, that he would be obligated to pay more than the actual toll charge incurred and be charged at a non-discounted rate. (See id.)

The plaintiff, who is a New Jersey citizen, asserts that when he indeed drove his rental vehicle from the Avis Entities through a toll lane in Florida around August 2011: (1) the e-Toll system in the vehicle was triggered; and (2) his credit card was charged soon thereafter for $15.75, representing a $0.75 toll charge and a $15.00 e-Toll convenience fee, even though he was told by an Avis Entities agent when he returned the vehicle that he had incurred no additional charges. (Id.)

The Court presumes that the parties are familiar with the factual context and the extensive procedural history of the action. See Mendez v. Avis Budget Grp., Inc., No. 11-6537 (hereinafter abbreviated as "Mendez"), 2012 WL 1224708 (D.N.J. Apr. 10, 2012); Mendez, 2012 WL 1964502 (D.N.J. May 31, 2012); Mendez, ECF No. 107 (D.N.J. Aug. 15, 2014) (Opinion from the Magistrate Judge).

A renewed motion by the plaintiff for certification of a class action will be filed soon. (See ECF No. 214.) However, currently pending before the Court are the three following motions:

(1) the defendants' motion to exclude the opinion of the plaintiff's expert Vicki Morwitz from the Court's consideration of the plaintiff's forthcoming motion for class certification (see ECF No. 181 through ECF No. 181-2; ECF No. 189; ECF No. 215), which the plaintiff opposes (see ECF No. 188; ECF No. 216);

(2) the plaintiff's motion to exclude the opinion of the defendants' expert Larry Chiagouris — that will be filed in opposition to the plaintiff's forthcoming motion for class certification — from the Court's consideration (see ECF No. 192 through ECF No. 192-2; ECF No. 194), which the defendants oppose (see ECF No. 193); and

(3) the plaintiff's motion to strike certain portions of the exhibits that are annexed to the Declaration of Robert Muhs, Esq., who is a vice president and counsel for the Avis Entities, from the Court's consideration (see ECF No. 197 through ECF No. 197-2; ECF No. 199), which the defendants oppose (see ECF No. 198; ECF No. 198-1).

For the following reasons, the Court denies all three motions.

## DISCUSSION

### I. Legal Standard

The standard for resolving a motion to exclude the opinion of a party's expert, in view of Federal Rule of Civil Procedure 702 and the holding in Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), is the following:

> Under Rule 702, expert testimony must meet three separate requirements to be admissible. First, the witness must be qualified to testify as an expert by possessing specialized expertise. See Calhoun v. Yamaha Motor Corp. U.S.A., 350 F.3d 316, 321 (3d Cir. 2003). Second, the expert's testimony must be reliable — it "must be based on the 'methods and procedures of science' rather than on 'subjective belief or unsupported speculation,' " and "the expert must have 'good grounds' for his or her belief." In re Paoli R.R. Yard PCB Litig., 35 F.3d 717, 742 (3d Cir. 1994) (quoting Daubert, 509 U.S. at 590). Third, " 'the expert's testimony must be relevant for the purposes of the case and must assist the trier of fact.' " Calhoun, 350 F.3d at 321 (quoting

Schneider ex rel. Estate of Schneider v. Fried, 320 F.3d 396, 405 (3d Cir. 2003)). Expert testimony is not helpful "when the untrained layman would be qualified to determine ... the particular issue without enlightenment from those having a specialized understanding of the subject involved in the dispute," Fed. R. Evid. 702 advisory committee's note 1972 proposed rules, and expert testimony may be based on experience so long as that experience provides appropriate validation for the proposed testimony. See Daubert, 509 U.S. at 590 (noting that to qualify as scientific, technical, or specialized "knowledge," "[p]roposed testimony must be supported by appropriate validation — i.e., 'good grounds,' based on what is known.").

....

[A] District Court . . . [may exercise] its discretion in declining to hold a Daubert hearing before deciding to exclude . . . testimony. [A district court may decide] not to hold a Daubert hearing where the basis for the expert's testimony was clear and the record was adequate to support a determination on admissibility. See [Oddi v. Ford Motor Co., 234 F.3d 136,] 154–55 [(3d Cir. 2000)]. . . . Moreover, . . . [the parties] are not entitled to an open-ended and never-ending opportunity to overcome a Daubert challenge. See [id.] at 154.

Senese v. Liberty Mut. Ins. Co., 661 Fed.Appx. 771, 774–76 (3d Cir. 2016); see also In re SemCrude L.P., 648 Fed.Appx. 205, 213–14 (3d Cir. 2016) (stating that a federal court must act as the gatekeeper for the opinions of proposed experts, and that the proponent of an expert opinion must demonstrate by a preponderance of the evidence that the opinion is reliable).

## II.    The Plaintiff's Expert Morwitz

The plaintiff submits the opinion of Vicki Morwitz, who is a marketing professor, for consideration by the Court. Morwitz is of the opinion that the disclosure provided by

the Avis Entities to their customers about the e-Toll system at counters and on websites was inadequate, and that those customers were not informed that the e-Toll system was optional. (See ECF No. 175-3 at 50–128.)

The defendants argue that Morwitz "cherry-picked" samples of different versions of rental agreements, disclosures, e-mail confirmations, and other written and electronic forms that were used over several years, and that she is inappropriately attempting to apply those limited samples to the entire proposed class. For example, the defendants point to the fact that Morwitz raises two examples of disclosures concerning the e-Toll system from a website, but that she then ignores other examples from the same website. Additionally, the defendants argue that Morwitz overlooks the fact that the type of disclosure varied from location to location. The defendants also argue that Morwitz overlooks that the discovery process revealed that certain state electronic tolling authorities provided information for tourists concerning the ramifications of driving a rental car through a toll booth. (See ECF No. 181-1.)

In response, the plaintiff acknowledges that Morwitz indeed examined more of the information that was produced in discovery than she cited in her opinion, but that she is merely giving examples that illustrate her larger point in support of the forthcoming motion for class certification that the disclosures were inadequate. (See ECF No. 188.)

The Court finds that Morwitz's opinion that the defendants failed to properly notify customers about the ramifications of renting a vehicle that was equipped with the e-Toll system is sufficiently reliable to permit its consideration in support of the

plaintiff's forthcoming motion for class certification. Contrary to the defendants' arguments, it appears that Morwitz reviewed the materials provided by the Avis Entities to its rental customers at its physical locations and on websites.

The Court rejects the defendants' arguments that Morwitz was required to address each way that the e-Toll surcharge might have been disclosed, because those arguments go to the *weight* — as opposed to the issue currently before the Court, *i.e.*, the *admissibility* — of Morwitz's opinion for the purposes of the Court's consideration of the plaintiff's forthcoming motion for class certification. See Schwartz v. Avis Rent A Car Sys., LLC, No. 11-4052, 2014 WL 4272018, at *4–5 (D.N.J. Aug. 28, 2014) (holding that a party's argument that an opinion is based upon an expert's subjective beliefs, as opposed to being based upon a study conducted by the expert, is relevant to the weight, not the admissibility, of the expert's conclusion). The plaintiff is not required, at this juncture, to prove that the defendants failed to adequately disclose the ramifications of the e-Toll system to rental customers. See Karlo v. Pittsburgh Glass Works, LLC, 849 F.3d 61, 83 (3d Cir. 2017) (reversing a district court's decision to exclude certain expert testimony in a collective action involving age discrimination claims, because the "question of whether [an underlying] study's results were properly calculated or interpreted ordinarily goes to the weight of the evidence, not to its admissibility"); In re Front Loading Washing Mach. Class Action Litig., No. 08-51, 2013 WL 3466821, at *8 (D.N.J. July 10, 2013) (in a class action concerning washing machines that allegedly had mildew-causing drainage defects, the district court held that it would consider the opinion

of the plaintiff's expert "for what it is worth," because any shortcomings therein would "[go] to weight and not admissibility," and that the opinion "could be helpful to the Court in determining whether class certification is appropriate"). Indeed, the defendants offer counterarguments to all of Morwitz's conclusions in their subsequent filings (see ECF No. 180-1; ECF No. 179-2 through ECF No. 179-7), further buttressing the Court's conclusion here.

Furthermore, the Court finds that Morwitz's expert opinion will be of assistance to the Court: (1) in the consideration of the forthcoming motion for class certification; and (2) in potentially helping a trier of fact to understand the issues concerning the disclosures provided by the Avis Entities to their rental customers. In short, the Court is bound "to follow the axiom that the reliability of evidence goes more to the weight than to the admissibility of the evidence." United States v. Mitchell, 365 F.3d 215, 247 (3d Cir. 2004) (citation and quotation marks omitted). Therefore, the defendants' motion to exclude Morwitz's expert opinion is denied, and Morwitz's opinion will be considered for the purposes of the plaintiff's forthcoming motion for class certification.

### III. The Defendants' Expert Chiagouris

The defendants submit for consideration by the Court the opinion of Larry Chiagouris, who: (1) is put forth as an expert in marketing and consumer behavior; and (2) will respond to the opinion that will be provided by Morwitz in support of the plaintiff's forthcoming motion for class certification. (See ECF No. 183-1 at 2–20.) The defendants seek to counter Morwitz's opinion concerning the e-Toll disclosures with

Chiagouris's opinion that the ramifications of the e-Toll system in the rental cars were "knowable" through marketing materials put out by the Avis Entities. (See ECF No. 192-1.)

The plaintiff moves to exclude Chiagouris's opinion, and argues that the opinion does not fully explain what the potential class members: were likely to encounter when renting a vehicle; and, therefore, were likely to "know" about the e-Toll's material terms. The plaintiff also argues the Chiagouris makes no reference to academic literature, empirical research, or statistical data to support his ultimate proposition that the marketing communications put out by the Avis Entities should have informed customers about the material terms of the e-Toll system. (See ECF No. 192.)

In contrast, the defendants argue that the conclusion set forth by Chiagouris, which was made to critique Morwitz's opinion, is that the information about the e-Toll system was indeed available to rental customers, not that the information actually succeeded in making the customers fully aware of the e-Toll material terms. Furthermore, the defendants argue that the reliability of Chiagouris's opinion is based on his own personal knowledge and experience concerning marketing practices, consumer behavior, academic literature, and the types of disclosures generally made to consumers. (See ECF No. 193.)

The Court concludes that the opinion submitted by Chiagouris to oppose Morwitz's opinion is sufficient under the standards set forth in <u>Daubert</u> in order to be considered as part of the defendants' opposition to the forthcoming motion for class certification. All of the plaintiff's arguments go to the weight of Chiagouris's opinion,

whereas the Court is currently concerned only with the admissibility of that opinion for the purposes of the forthcoming class certification determination. Furthermore, Chiagouris's opinion will be helpful for the Court to refer to when addressing the ultimate determination concerning class certification. Therefore, the Court finds that Chiagouris's opinion is reliable and will be of assistance to the Court.

**IV.     The Muhs Declaration Submitted by Defendants**

The plaintiff seeks to strike certain exhibits that are annexed to the Declaration of Robert Muhs, who is a vice president and counsel with the Avis Entities. (See ECF No. 197 through ECF No. 197-2.) Those exhibits will be referred to by the defendants in opposition to the plaintiff's forthcoming motion for class certification. (See ECF No. 180-1; ECF No. 179-2 through ECF No. 179-7.)

For instance, the plaintiff seeks to strike the submission of: (1) a purported master rental agreement on the ground that it does not illustrate anything concerning e-Toll disclosures; (2) a photo of an electronic screen showing a disclosure that the plaintiff argues was buried under a cover letter during discovery; (3) a sample online reservation screen shot; and (4) examples of disclosures when the e-Toll system was being overseen by an entity other than HTA. (See ECF No. 197-1.) In response, the defendants argue that many of the items that the plaintiff objects to were indeed produced during discovery, and are being raised now strictly to counter the plaintiff's anticipated arguments in support of class certification and to generally illustrate the extent of the disclosures that the defendants made to rental customers. (See ECF No. 198.)

The Court rejects the plaintiff's arguments here. The Court alone will be tasked with weighing the merits of the exhibits submitted in support of the Muhs Declaration, not a jury, and thus no harm or confusion will be caused. Furthermore, the items that the plaintiff seeks to strike appear to have been submitted in response to arguments that the plaintiff intends to present in support of the forthcoming motion for class certification, and thus the submission of those items is appropriate. To the extent that any of the exhibits submitted by Muhs were not produced in discovery, the Court in its discretion finds that situation to be harmless. See generally Fed.R.Civ.P. 37(c). Therefore, the plaintiff's motion to exclude the aforementioned exhibits is denied, and those exhibits may be considered for the purposes of opposition to the plaintiff's forthcoming motion for class certification if the defendants choose to resubmit them.

## CONCLUSION

For the aforementioned reasons, this Court: (1) denies the defendants' motion to exclude the opinion of Vicki Morwitz; (2) denies the plaintiff's motion to exclude the opinion of Larry Chiagouris; and (3) denies the plaintiff's motion to strike portions of the Declaration of Robert Muhs, Esq.

The Court will enter an appropriate order and judgment.

JOSE L. LINARES
Chief Judge, United States District Court

Dated: June __21st__, 2017