NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSE MENDEZ, individually and on behalf of all others similarly situated, | CIVIL ACTION NO. 11-6537 (JLL) |
| Plaintiff, | **OPINION & ORDER** |
| v. | |
| AVIS BUDGET GROUP, INC., *et al.*, | |
| Defendants. | |

**LINARES**, Chief District Judge

**IT APPEARING THAT:**

1. Before this Court is the defendants' timely appeal pursuant to Federal Rule of Civil Procedure (hereinafter, "Rule") 72(a) and Local Civil Rule 72.1(c)(1) from an Order of the Magistrate Judge, entered on August 15, 2018 (hereinafter, "August 2018 Order"). (ECF No. 273.) In the August 2018 Order, the Magistrate Judge denied the defendants' motion pursuant to Rule 15(a)(2) for leave to amend their answer to assert a late statute-of-limitations defense and a late voluntary-payment-doctrine defense. (ECF No. 269.)

2. This Court has reviewed: **(a)** the complaint (ECF No. 1); **(b)** all of the papers underlying the August 2018 Order (ECF No. 248 through ECF No. 248-3, ECF

No. 250, ECF No. 250-1, ECF No. 251, and ECF No. 252); and **(c)** the papers filed in support of and in opposition to the instant appeal. (ECF No. 273 through No. 273-2, ECF No. 274, and ECF No. 278.) This Court will resolve the appeal upon a review of the papers and without oral argument. *See* L. Civ. R. 78.1(b). For the following reasons, the August 2018 Order is affirmed.

3. This Court presumes that the parties are familiar with the factual context and the extensive procedural history of this seven-year-old action, and thus this Court will only provide a brief overview here. This action has been brought on behalf of those who allegedly were wrongfully charged for non-discounted tolls and for convenience fees when they rented vehicles equipped with an electronic system to pay tolls known as "e-Toll."

4. The complaint was filed on November 7, 2011, and it asserted in four separate paragraphs that the "e-Toll" systems at issue were installed in the rented vehicles beginning in 2006. (ECF No. 1 ¶¶ 2, 3, 14, 20.) The defendants filed their initial answer on April 27, 2012, and asserted an estoppel defense therein. (ECF No. 38 at 14.) The fact discovery period in this action closed on June 5, 2014, and the expert discovery period closed on January 30, 2016. (ECF No. 269 at 2.)

5. On November 17, 2017, this Court granted the plaintiff's motion to certify the action as a class action for a class period beginning on April 1, 2007 and ending on December 31, 2015 for a nationwide class, a Florida subclass, and a New Jersey subclass. (ECF No. 242 through ECF No. 245.)

6.  On January 12, 2018, the defendants moved before the Magistrate Judge to amend their answer to assert a statute-of-limitations defense and a voluntary-payment-doctrine defense for the first time in this litigation, and they argued that those "defenses were not applicable until class claims were certified." (ECF No. 248-1 at 5.) As to the statute of limitations, the defendants argued that "the District Court did not . . . provide guidance on what state's law — and hence, what state's statute of limitations — would apply to the nationwide class members' causes of action." (*Id.*) As to the voluntary payment doctrine, which the defendants argue is a form of estoppel, the defendants assert that there may be many class members who were aware of the charges at issue and paid them voluntarily, and thus those class members should be estopped from now claiming otherwise. (*Id.* at 6.)

7.  The Magistrate Judge denied the defendants' motion for leave to amend the answer. (ECF No. 269.) In so doing, the Magistrate Judge noted that the defendants had unduly delayed in filing their motion until: (a) more than 5 1/2 years after they filed their initial answer; (b) 3 1/2 years after the deadline for the completion of fact discovery; and (c) almost 2 years after the deadline for the completion of expert discovery. (*Id.* at 9.)

8.  The Magistrate Judge also pointed out that in a related action in the United States District Court for the Southern District of New York, these same defendants asserted in a brief filed therein that was dated on October 17, 2013, which was more than 4 years before they moved to amend their answer in the instant action, that they were aware that the class period in the instant action could extend back as early as April 2006.

(*Id.* at 9–10.) As a result, the Magistrate Judge concluded that the defendants had a basis for asserting a statute-of-limitations defense for more than 4 years before they moved to amend their answer in this Court. (*Id.* at 10 (pointing to *Readick v. Avis Budget Group, Inc.*, S.D.N.Y. No. 12-3988, ECF No. 36 at 6–7, which is the defendants' brief filed therein on October 17, 2013).) In addition, the Magistrate Judge pointed out that "at the outset of this litigation, Defendants were theoretically the only parties with access to complete information on when and where their customers rented vehicles equipped with e-toll equipment," and that the defendants should have asserted the statute-of-limitations defense at that time because they were well aware of any claims that could potentially be barred by same. (ECF No. 269 at 10.)

9. The Magistrate Judge also found that the defendants engaged in undue delay in asserting the voluntary-payment-doctrine defense, as they were well aware of the evidence that justified the assertion of that defense when fact discovery concluded in June 2014, which was 3 1/2 years before they finally moved to amend. (*Id.* at 11.)

10. The August 2018 Order did not address matters that were dispositive, and thus such an Order could be entered by the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(A). The Third Circuit Court of Appeals has previously held that a determination by a Magistrate Judge on a motion for leave to amend a pleading is not dispositive. *See Continental Cas. Co. v. Dominick D'Andrea, Inc.*, 150 F.3d 245, 251 (3d Cir. 1998) (holding the same). This Court, in reviewing an order of the Magistrate Judge

4

in a non-dispositive matter, may modify, vacate, or reverse the Order only if it was "clearly erroneous or contrary to law." *Cipollone v. Liggett Grp., Inc.*, 785 F.2d 1108, 1113 (3d Cir. 1986); *see also Jackson v. Chubb Corp.*, 45 F. App'x 163, 166 n.7 (3d Cir. 2002) (holding the same).

**11.** A finding by the Magistrate Judge is clearly erroneous when although there is evidence to support it, the reviewing district court is left with the definite and firm conviction that a mistake has been committed. *See Schering Corp. v. Mylan Pharms., Inc.*, No. 09-6383, 2011 WL 3651343, at *2 (D.N.J. Aug. 18, 2011); *Marks v. Struble*, 347 F. Supp. 2d 136, 149 (D.N.J. 2004). In addition, a ruling is contrary to law if the Magistrate Judge has misinterpreted or misapplied applicable law. *See Gunter v. Ridgewood Energy Corp.*, 32 F. Supp. 2d 162, 164 (D.N.J. 1998); *see also Kounelis v. Sherrer*, 529 F. Supp. 2d 503, 517 (D.N.J. 2008). Pursuant to "the clearly erroneous standard of review, the reviewing court will not reverse the magistrate judge's determination even if the court might have decided the matter differently." *Wortman v. Beglin*, No. 03-495, 2007 WL 2375057, at *2 (D.N.J. Aug. 16, 2007) (internal quotes and citation omitted).

**12.** This Court finds that the determinations of the Magistrate Judge in the August 2018 Order were not clearly erroneous, and they were not the result of either a mistake or the misapplication of applicable law. It is well-settled that an affirmative defense "should, if not pleaded in the answer, be raised at the earliest practicable, or

possible, or feasible, moment thereafter." *Long v. Wilson*, 393 F.3d 390, 398 (3d Cir. 2004); *see also Bjorgung v. Whitetail Resort, LP*, 550 F.3d 263, 266 (3d Cir 2008) (holding that a party's delay in amending a pleading becomes undue when it places an unwarranted burden on the court or when the party had previous opportunities to amend). Here, the Magistrate Judge did not abuse his discretion in denying leave to amend the answer based on the defendants' undue delay in asserting the two aforementioned defenses at this late juncture in the litigation. *See D & D Assocs., Inc. v. Bd. of Educ. of N. Plainfield*, No. 03-1026, 2007 WL 1234933, at *1 (D.N.J. Apr. 26, 2007) (affirming a Magistrate Judge's denial of a defendant's motion to amend an answer because the deadline to do so had expired two years prior).

13. Although not noted by the Magistrate Judge in the August 2018 Order, this Court points out that the complaint, which was filed in 2011, asserts in four separate paragraphs that the allegedly offending electronic system for paying tolls was put into use in the rented vehicles by the defendants as of 2006. (ECF No. 1 ¶¶ 2, 3, 14, 20.) Furthermore, even though the claims that applied to the named plaintiff in this action may not have been barred by the relevant statute of limitations, a plain reading of the complaint itself reveals that the named plaintiff was attempting to bring a class action on behalf of all affected class members. (*See generally* ECF No. 1.) Thus, the defendants were on notice as of 2011 that the statute-of-limitations defense might indeed apply in this action, as the contours of the class period and the potential class members could

possibly extend as far back as 2006. In addition, the defendants should have been on notice that the voluntary payment doctrine could apply based on any complaints that they had received about unwanted charges in fees over the five years preceding the filing of the complaint in 2011. As a result, these defenses were not merely hypothetical, and it would have been reasonable for the defendants to assert them in their initial answer in 2012 or soon thereafter.

14. In conclusion, this Court holds that the Magistrate Judge committed neither an abuse of discretion nor an error of law in making the determinations set forth in the August 2018 Order. *See Gunter*, 32 F. Supp. 2d at 164; *Wortman*, 2007 WL 2375057, at *2. The August 2018 Order will, therefore, be affirmed. For good cause shown:

**IT IS THEREFORE** on this 28th day of September, 2018, **ORDERED** that the Order of the Magistrate Judge, entered on August 15, 2018 **(ECF No. 269)**, from which the appeal has been filed **(ECF No. 273)**, is affirmed; and it is further

**ORDERED** that the Clerk of the Court will designate the appeal **(ECF No. 273)** as terminated.

JOSE L. LINARES
Chief Judge, United States District Court