**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| JOSE MENDEZ, individually and on behalf of all others similarly situated, | : : : | CIVIL ACTION NO. 11-6537 (JLL) |
| Plaintiff, | : : | **OPINION & ORDER** |
| v. | : : | |
| AVIS BUDGET GROUP, INC., *et al.*, | : : | |
| Defendants. | : : | |

**LINARES**, Chief District Judge

**IT APPEARING THAT:**

**1.** Before this Court is the defendants' timely appeal pursuant to Federal Rule of Civil Procedure 72(a) and Local Civil Rule 72.1(c)(1) from an Order of the Magistrate Judge, entered on December 17, 2018 (hereinafter, "the December 2018 Order"). (ECF No. 289.) In the December 2018 Order, the Magistrate Judge granted the plaintiff's application pursuant to Federal Rule of Civil Procedure 26(c) for a protective order. (ECF No. 287.)

**2.** This Court has reviewed: **(a)** the complaint (ECF No. 1); **(b)** all of the papers underlying the December 2018 Order (ECF No. 257; ECF No. 260; ECF No. 260-1; ECF No. 261); **(c)** the transcript of the oral argument conducted by the Magistrate

Judge (ECF No. 275); and **(d)** the papers filed in support of and in opposition to the instant appeal by the parties. (ECF No. 289 through ECF No. 289-3; ECF No. 292; ECF No. 292-1; ECF No. 295.) This Court will resolve the appeal upon a review of the papers and without oral argument. *See* L. Civ. R. 78.1(b). For the following reasons, the December 2018 Order is affirmed.

3.  This Court presumes that the parties are familiar with the factual context and the extensive procedural history of this class action, and thus this Court will only provide a brief overview here. This action has been brought on behalf of those who allegedly were wrongfully charged for non-discounted tolls and for convenience fees when they rented vehicles equipped with an electronic system to pay tolls known as "e-Toll."

4.  The complaint was filed on November 7, 2011. (ECF No. 1.) The fact discovery period in this action closed on June 5, 2014, and the expert discovery period closed on January 30, 2016. (ECF No. 287 at 1.) On November 17, 2017, this Court granted the plaintiff's motion to certify the action as a class action for a class period beginning on April 1, 2007 and ending on December 31, 2015 for a nationwide class, a Florida subclass, and a New Jersey subclass. (ECF No. 242 through ECF No. 245.)

5.  As is relevant to this appeal, the defendants advised the plaintiff on March 13, 2018 that they intended to serve interrogatories (hereinafter, "the Interrogatories") upon between 10,000 and 20,000 members of the class other than the class representative

with the goal of obtaining perhaps hundreds of responses. (ECF No. 287 at 3; ECF No. 275 at 19; *see also* ECF No. 260-1 at 4–6 (the Interrogatories).) The Interrogatories would have inquired as to whether the class members: were aware of e-Toll before they rented automobiles from the defendants; understood the terms and conditions contained in the rental confirmations; had their reservations made by another person; objected when they were billed on their credit cards for using e-Toll; and were reimbursed by an employer or anyone else. (ECF No. 260-1 at 4–6.) However, on April 18, 2018 the plaintiff filed an application (hereinafter, "the Application") for a protective order to prohibit the defendants from serving the Interrogatories, and argued, among other things, that such discovery would be inappropriate in this case. (ECF No. 257.)

6.  The Magistrate Judge ultimately granted the Application. In doing so, the Magistrate Judge found that the proposed discovery being sought by the Interrogatories was "of dubious relevance," because the Interrogatories addressed issues that were reserved for the claims administration phase of this class action, *e.g.*, the entitlement to damages. (ECF No. 287 at 5.) Furthermore, the Magistrate Judge held that given the small sample size of responses to the Interrogatories that the defendants expected to receive, the responses "would be functionally useless for the purported purpose of addressing class-wide questions," as even the defendants "acknowledged that they are seeking anecdotal evidence, rather than anything that might be attributable to the class." (*Id.*)

**7.** In addition, the Magistrate Judge held that even though the defendants' request to serve the Interrogatories upon the absent class members was not motivated by bad faith, the defendants already had access to much of the information that they were seeking, as the defendants possessed customer surveys and other materials providing similar information. (*Id.* at 6–7.) The Magistrate Judge also notably held:

> While the Court appreciates Defendants' desire to obtain all available evidence, it would not be suitable to use this admittedly "rare" discovery device under the circumstances of this case. While Defendants argue that they require information from absent class members to counter Plaintiff's efforts to establish liability and damages on a class-wide basis, the same could be said for essentially every class action.

(*Id.* at 7 (record citations omitted).)

**8.** The December 2018 Order did not address a matter that was dispositive, and thus such an Order could be entered by the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(A); *see also Raritan Baykeeper, Inc. v. NL Indus., Inc.*, No. 09-4117, 2015 WL 1472031, at *1, 3 (D.N.J. Mar. 31, 2015) (on an appeal from a Magistrate Judge's decision, holding that a motion for a protective order addressing certain discovery matters raises non-dispositive issues that were properly addressed by the Magistrate Judge); *Koninklijke Philips Elecs. N.V. v. Hunt Control Sys., Inc.*, No. 11-3684, 2014 WL 5798109, at *2 (D.N.J. Nov. 7, 2014) (on an appeal from a Magistrate Judge's decision, holding that a motion for a protective order addressing certain discovery issues "is squarely within the magistrate judge's purview"). This Court, in reviewing an order of the Magistrate Judge in a non-dispositive matter, may modify, vacate, or reverse the

Order only if it was "clearly erroneous or contrary to law." *Cipollone v. Liggett Grp.,*

*Inc.*, 785 F.2d 1108, 1113 (3d Cir. 1986); *see also Jackson v. Chubb Corp.*, 45 F. App'x

163, 166 n.7 (3d Cir. 2002) (holding the same).

9. A finding by the Magistrate Judge is clearly erroneous when although there

is evidence to support it, the reviewing district court is left with the definite and firm

conviction that a mistake has been committed. *See Marks v. Struble*, 347 F. Supp. 2d

136, 149 (D.N.J. 2004). In addition, a ruling is contrary to law if the Magistrate Judge

has misinterpreted or misapplied the applicable law. *See Gunter v. Ridgewood Energy*

*Corp.*, 32 F. Supp. 2d 162, 164 (D.N.J. 1998); *see also Kounelis v. Sherrer*, 529 F. Supp.

2d 503, 517 (D.N.J. 2008). "The Court, pursuant to the clearly erroneous standard of

review, will not reverse the Magistrate Judge's determination even if the Court might

have decided the matter differently." *Bayliss v. N.J. State Police*, No. 11-890, 2014 WL

4657304, at \*10 (D.N.J. Sept. 17, 2014), *aff'd*, 622 F. App'x 182 (3d Cir. 2015). As

discussed below, this Court finds that the determinations of the Magistrate Judge in the

December 2018 Order were not clearly erroneous, and that they were not the result of

either a mistake or the misapplication of the applicable law.

10. A court "may, for good cause, issue an order to protect a party or person

from annoyance, embarrassment, oppression, or undue burden or expense" by

"forbidding the disclosure or discovery" or "forbidding inquiry into certain matters, or

limiting the scope of disclosure or discovery to certain matters." Fed. R. Civ. P. 26(c)(1).

The burden of persuasion rests with the party seeking the protective order to show good cause by demonstrating a need for that order. *See Cipollone*, 785 F.2d at 1121.

11.    In a class action, although broad discovery requests concerning a class representative may be the norm, such requests as to absent class members are generally disfavored or limited by the courts because the efficiencies of a class action could then be thwarted if such discovery were to be permitted. *See In re Lucent Techs. Sec. Litig.*, No. 00-621, 2002 WL 32815233, at *2 (D.N.J. July 16, 2002). Thus, requests for discovery from absent class members have only been permitted, among other factors, where: (a) the information being requested is relevant to the common questions in the class action; and (b) the information being requested is not already in the requesting party's possession. *See Marsden v. Select Med. Corp.*, No. 04-4020, 2007 WL 9698274, at *1 n.1 (E.D. Pa. July 26, 2007); *see also Kline v. First W. Gov't Sec., Inc.*, No. 83-1076, 1996 WL 122717, at *3 (E.D. Pa. Mar. 11, 1996).

12.    It was not clearly erroneous for the Magistrate Judge to find that the information sought by the defendants in the Interrogatories was of questionable relevance. It is uncontested that there will be a class of thousands herein, and thus the anticipated number of responses, *i.e.*, hundreds at the most, would do nothing to adequately clarify the issues in this class action. Additionally, it was not apparent what the value of the information that the defendants would ultimately garner from the Interrogatories might be, as the defendants themselves conceded at oral argument that

they should "hone the form of the [I]nterrogatories" and that the Interrogatories could be "redesign[ed]." (ECF No. 275 at 17, 31.) Furthermore, it is apparent that the Interrogatories would encroach upon a process that should be left for the claims administration phase.

13.    It was also not clearly erroneous for the Magistrate Judge to conclude that the defendants already possessed the information that they sought through the Interrogatories, as the defendants had surveys from customers who filed them in closer temporal proximity to when the members were exposed to e-Toll. (*See, e.g.*, ECF No. 289-2 at 19–20 (examples of customer survey responses that are in the defendants' possession); *id.* at 27 (defendants' own chart summarizing customer survey responses).) Indeed, the defendants should not be permitted to use the Interrogatories as a device to cull the information that they already possess through their customer surveys. Furthermore, having already joined in the class, it is unlikely that the absent class members will provide responses to the Interrogatories that are favorable to the defendants.

14.    In conclusion, this Court holds that the Magistrate Judge committed neither an abuse of discretion nor a clear error of law in making the determinations set forth in the December 2018 Order. The December 2018 Order will, therefore, be affirmed. For good cause shown:

**IT IS THEREFORE** on this _____3rd_____ day of ~~March,~~ *April* 2019, **ORDERED** that the Order of the Magistrate Judge, entered on December 17, 2018 **(ECF No. 287)**, from which the appeal has been filed **(ECF No. 289)**, is affirmed; and it is further

**ORDERED** that the Clerk of the Court will designate the appeal **(ECF No. 289)** as terminated.

**JOSE L. LINARES**
Chief Judge, United States District Court